```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

STATE OF CONNECTICUT OFFICE OF   :
PROTECTION AND ADVOCACY FOR      :
PERSONS WITH DISABILITIES,       :
                                 :
    Plaintiff,                   :
                                 :    CASE NO. 3:06CV0179(AWT)
    v.                           :
                                 :
STATE OF CONNECTICUT, ET AL.,    :
                                 :
    Defendants.                  :

<u>ORDER</u>

This is a lawsuit brought by the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities against certain Connecticut state agencies and officials. The plaintiff challenges the state's placement of individuals with mental illness in nursing homes, where, allegedly, they are needlessly isolated and segregated, in violation of the Americans with Disabilities Act and certain other statutes. The defendants have filed two motions to dismiss the complaint on jurisdictional and other grounds (docs. #48,51).

Pending before the court are the plaintiff's motions to compel certain third-party discovery (docs. #81,84). The plaintiff has served subpoenas on three nursing home facilities, Chelsea Place Care Center, LLC, Bidwell Care Center, LLC and West Rock Health Care, Inc. The nursing homes objected to the subpoenas on several grounds and refused to produce any documents.

In light of the apparent burden that compliance would impose

on the nursing homes, and the possibility that the case will be dismissed for lack of jurisdiction, the plaintiff's motion to compel is denied without prejudice to refiling after the court rules on the pending motions to dismiss.

If the plaintiff still seeks the discovery at that time, the plaintiff and the nursing homes shall fully comply with the formalities contemplated by the Federal Rules of Civil Procedure and the Local Rules. First, the plaintiff shall make reasonable efforts to narrowly tailor its production requests. The court does not have sufficient information at this time about the plaintiff's claims or about the nursing homes' operations to determine whether the requests previously served by the plaintiff were overly broad and burdensome, but there is no question that they were extensive. "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45. The plaintiff shall cooperate with the nursing homes in attempting to narrow the requests. In particular, counsel should explore the possibility of narrowing the scope of time for which records are sought.

Before any discovery motion is filed, the plaintiffs and the nursing homes shall comply with both the letter and spirit of Local Rule 37(a)(2) by conferring to discuss the discovery issues between them "in detail in a good faith effort to eliminate or

reduce the area of controversy." D. Conn. L. Civ. R. 37(a)(2).
Counsel shall discuss the requests item by item to determine if the issues for court intervention can be narrowed either by compromise or by use of mechanisms such as protective orders, redaction or cost-sharing.

If a discovery motion is filed, both sides must comply with D. Conn. L. Civ. R. 37(a)(3):

> Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item.

As to each disputed request, the plaintiff must provide specific explanation of why each document request is relevant to its claims and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The nursing homes, in turn, shall brief their objections as to each request with specificity and shall bear in mind that discovery may not be evaded by "simply intoning [the] familiar litany that the interrogatories [or requests for production] are burdensome, oppressive or overly broad. . . . The burden is on the party resisting discovery to explain its objections and to provide support therefore." <u>Shannon v. New York City Transit Authority</u>, No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001). If the basis for their objection is the cost or burden of

3

compliance, the nursing homes shall submit affidavits or other evidence of such costs or burdens.

SO ORDERED at Hartford, Connecticut this 3rd day of July, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge