**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

STATE OF CONNECTICUT OFFICE OF PROTECTION AND ADVOCACY FOR PERSONS WITH DISABILITIES, SHANNON HEMMINGSEN, SAMUEL RIVERA, GALE YENCHA, NORMA JEAN DIAZ, and AGATHA JOHNSON, individually and on behalf of similarly situated individuals,

Plaintiffs,

v.

THE STATE OF CONNECTICUT, MICHAEL P. STARKOWSI, in his official capacity as Commissioner of the Connecticut Department of Social Services, PATRICIA REHMER, MSN, in her official capacity as Commissioner of the Connecticut Department of Mental Health and Addiction Services, and J. ROBERT GALVIN, M.D., M.P.H., in his official capacity as Commissioner of the Connecticut Department of Public Health,

Defendants.

Civil Case No.

3:06 Civ. 00179 (AWT)

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

**WHEREAS**, On February 6, 2006, the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities ("OPA") filed an initial complaint in the above-captioned case, no. 06 Civ. 00719, against the State of Connecticut (the "State") and the State's Commissioners of the Department of Social Services, the Department of Mental Health and Addiction Services, and the Department of Public Health (collectively, "Defendants"); and

**WHEREAS**, on September 9, 2008, named Plaintiffs Shannon Hemmingsen, Samuel Rivera, Norma Jean Diaz, Gale Yencha, and Agatha Johnson joined OPA and filed their First Amended Complaint (the operative "Complaint") individually and on behalf of a putative class of over two hundred individuals with mental illness who either reside in certain nursing homes in Connecticut or are at risk of entering these homes (collectively, "Plaintiffs"); and

**WHEREAS**, the Complaint alleges that Defendants administer a system in which putative class members reside in segregated nursing home settings despite their ability to live in more integrated settings, and that this constitutes discrimination under federal law pursuant to the Americans with Disabilities Act and the Supreme Court's integration mandate in Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581 (1999); and

**WHEREAS**, Plaintiffs allege violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794 et seq., and seek declaratory and injunctive relief that would require Defendants to determine promptly which putative class members are eligible for more integrated settings and to transition such class members residing in the nursing homes at issue to the most integrated setting appropriate; and

**WHEREAS**, Defendants deny any wrongdoing or liability arising from Plaintiffs' allegations; and

**WHEREAS**, on March 31, 2010, this Court granted, in part, Plaintiffs' Motion for Certification of Class and certified a class of individuals who:

> (1) have a mental illness or have a record of such an illness or have been regarded as having such an illness and therefore have a disability within the meaning of 42 U.S.C. § 12102(2);
>
> (2) with appropriate supports and services, could live in the community; and
>
> (3) are institutionalized in either Chelsea Place Care Center in Hartford ("Chelsea Place"), Bidwell Care Center in Manchester ("Bidwell") or West Rock Health Care Center in New Haven ("West Rock") (collectively, the "Nursing Homes"), or are at risk of entry into these facilities; and

**WHEREAS**, this Court certified as class representatives all named individual Plaintiffs except for Agatha Johnson; and

**WHEREAS**, after this Court issued its opinion certifying the class, West Rock closed and Bidwell changed its name to Touchpoints at Manchester; accordingly, the Nursing Homes at issue in this action are Chelsea Place and Touchpoints at Manchester; and

**WHEREAS**, Plaintiffs and Defendants engaged in arms'-length negotiations to resolve the issues raised in this litigation and now desire to settle this action, without admitting any fault

or liability, in order to avoid the expenses, risks, delays, disruptions, and uncertainties of further litigation, and Plaintiffs and Defendants believe that the best interests of the parties will be advanced by settlement of this action, the terms of which are attached hereto as Exhibit A (the "Settlement Agreement"); and

**WHEREAS**, the Settlement Class, as defined in the Settlement Agreement, means individuals who:

(i) have a diagnosis of Serious Mental Illness, as defined in 42 C.F.R. § 483.102,

(ii) are eligible for and will or have applied for Medicaid-funded services,

(iii) have not been admitted to either of the Nursing Homes for treatment under Medicare and discharged within 120 days of admission,

(iv) have no source of payment other than Medicaid for the cost of their care at the Nursing Home,

(v) who, with appropriate support and services, could live in the community, and

(vi) are institutionalized in either of the Nursing Homes as of the date on which the Court enters this final order approving the Settlement Agreement, or who are admitted to either of the Nursing Homes during the Settlement Period; and

**WHEREAS**, on April 30, 2014, this Court preliminarily approved the Settlement Agreement, directed notice to the class, and scheduled a fairness hearing; and

**WHEREAS**, Plaintiffs and Defendants complied with their respective notice obligations, and the class was adequately notified of the Settlement Agreement and fairness hearing; and

**WHEREAS**, on July 1, 2014, the Court held a fairness hearing with respect to the Settlement Agreement.

**WHEREFORE, IT IS HEREBY ORDERED**:

(1) Pursuant to Rule 23(e)-(h) of the Federal Rules of Civil Procedure, and based upon a full consideration of the following:

(A) the terms of the Settlement Agreement;

(B) the documents submitted to the Court in support of the Settlement Agreement, including: (i) the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement and an Award of the Agreed Upon

Attorneys' Fees; (ii) the Declaration of Nancy B. Alisberg in Support of Final Approval of Class Action Settlement, dated June 17, 2014, and all exhibits attached thereto; (iii) the Declaration of Kenneth Pasquale in Support of Final Approval of Class Action Settlement, dated June 17, 2014, and all exhibits attached thereto; (iv) the Declaration of Todd Rubin in Support of Final Approval of Class Action Settlement, dated June 17, 2014, and all exhibits attached thereto; (v) Defendants' Supplemental Filing in Support of the Joint Motion for the Approval of the Proposed Settlement Agreement, including the Affidavits of Barbara Geller and Dawn Lambert, dated June 17, 2014, and all exhibits attached thereto; and (vi) class counsel's in camera submission of its time records; and

(C) the comments elicited and the arguments of counsel presented at the fairness hearing,

THE COURT HEREBY FINDS:

(i) that the proposed Settlement Agreement is fair, reasonable, and adequate; and

(ii) that the agreed upon attorneys' fees are fair and reasonable.

(2) The Settlement Agreement is hereby approved.

(3) Class counsel is hereby awarded $1,300,000 in attorneys' fees.

(4) The Court shall retain jurisdiction to enforce the Settlement Agreement until the conclusion of the Settlement Period, which is defined in the Settlement Agreement as the period that is four years from the date on which the Court enters this final order approving the Settlement Agreement unless modified to an earlier or later date in accordance with the provisions of that agreement.

It is so ordered.

Signed this 2nd day of July 2014 at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge